IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARITA M. BANNING, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-763-RGA |
| WELLS FARGO BANK, N.A., et al. | : |
| Defendants. | : |

Sarita M. Banning, Clayton, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 2, 2024
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Sarita M. Banning appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4).[1] She commenced this action on July 13, 2023. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

## BACKGROUND

In 2019, Defendant Wells Fargo Bank initiated a mortgage foreclosure action in Delaware Superior Court against a residential property owned by Plaintiff and her husband. Plaintiff and her husband unsuccessfully brought counterclaims challenging aspects of the mortgage documents and their execution. The Superior Court granted summary judgment in favor of Wells Fargo. *Wells Fargo Bank, NA v. Banning*, 2021 WL 212750 (Del. Super. Ct. Jan. 21, 2021). In early 2022, the property was sold a sheriff's sale and subsequently deeded to Defendant Secretary of Veteran Affairs. The Secretary subsequently moved for a writ of possession. The Superior Court held a hearing, at which Plaintiff and her husband appeared, and then granted the writ. Plaintiff appealed and, on June 22, 2023, the Delaware Supreme Court affirmed. *See Banning v. Wells Fargo Bank, NA*, 299 A.3d 1281 (Del. 2023).

---

[1] Plaintiff lists a co-plaintiff, William C. Banning Jr., who did not sign Complaint. Given that Plaintiff does not appear to be an attorney, and therefore cannot represent other litigants, the Court considers her the only Plaintiff. *See* 28 U.S.C. § 1654; *see also Osei-Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).

[2] Plaintiff's filing is nominally titled a petition to appeal for a writ of "de novo," but the court construes it as a complaint.

Plaintiff is explicitly attempting to appeal the judgment of the Delaware Supreme Court, affirming the decision of the Delaware Superior Court granting a writ of possession to the Secretary. Plaintiff seeks "to challenge the underlying unlawful foreclosure and eviction judgment and seek[s] a review of the legal and factual issues involved in this case." (D.I. 2 at 2). Plaintiff "intend[s] to present arguments highlighting procedural irregularities, evidentiary concerns, and potential violations of applicable foreclosure laws that affected the fairness and validity of the original judgment." (*Id.*).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The *Rooker-Feldman* doctrine precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

3

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies when four requirements are met: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment. *Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue*, 879 F.3d 492, 500 (3d Cir. 2018) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)).

Here, all four prongs have been met. First, Plaintiff's defenses to foreclosure and entry of a writ of possession were denied in the Delaware Superior Court, and the decision was affirmed on appeal by the Delaware Supreme Court. Second, the injuries Plaintiff complains of result from the state court decisions. Third, the state court decisions were rendered prior to the filing of this case. Finally, the fourth requirement is met as Plaintiff appears to be making the same arguments that were rejected by the state courts. Thus, the *Rooker-Feldman* doctrine bars this action.

Allowing Plaintiff's case to proceed would allow her to use the federal courts to appeal state court judgments and would run afoul of the *Rooker-Feldman* doctrine. Accordingly, the case will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds that amendment is futile.

An appropriate Order will be entered.